IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02025-PAB

DORA Y. PINON CARBAJAL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE**

---

This matter comes before the Court on plaintiff Dora Y. Pinon Carbajal's complaint [Docket No. 3] filed on August 23, 2010.  Plaintiff, through counsel, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83c.  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

Plaintiff applied for disability benefits on June 26, 2007, claiming that she was unable to work due to disability as of November 18, 2006.  R. at 142-44.  Plaintiff's claim was initially denied and, after a hearing, again denied in a decision by an Administrative Law Judge ("ALJ") dated November 13, 2009.  R. at 22.  In his decision, the ALJ found that plaintiff had "the following severe impairment: osteoarthritis of the

right shoulder status post right humerus fracture." R. at 17. The ALJ determined, however, that this impairment did not meet one of the listed impairments in the regulations. *See* R. at 18. The ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the additional restriction of no more than frequent overhead reaching with the right upper extremity." R. at 18.

Based upon these findings, and the plaintiff's age, education, and work experience, the ALJ found that, although plaintiff could not perform her past relevant work, she could perform jobs existing in significant numbers in the national economy. *See* R. at 21-22. Therefore, the ALJ concluded that plaintiff was not disabled during the relevant time period. R. at 22. The Appeals Council denied plaintiff's request for review of this denial on July 23, 2010. R. at 1. Consequently, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step

sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the . . . [RFC] to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

**C. The ALJ's Decision**

Plaintiff argues, among other things, that the ALJ erred at step three of the five

4

step evaluation process by failing to obtain a medical opinion on the question of whether plaintiff's impairment medically equaled a listed impairment.  The Court agrees. "At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quotation and citation omitted). Social Security Ruling 96-6P ("SSR 96-6P") requires the agency to obtain the opinion of a physician or psychologist on the issue of medical equivalence.  *See* SSR 96-6P, 1996 WL 374180, at *3.  "While the ALJ is responsible for deciding the ultimate legal question of whether a listing is met or equaled, the ALJ must receive state agency doctors' judgments on the issue of medical equivalence into the record as expert opinion evidence." *Thompson-Behrend v. Astrue*, 2010 WL 1901772, at *5 (D. Utah April 15, 2010) (report and recommendation adopted by *Thompson-Behrend v. Astrue*, 2010 WL 1944779 (D. Utah May 11, 2010)); *see also Rosebrough v. Astrue*, 2009 WL 634699, at *6-7 (D. Kan. Mar. 11, 2009).  Social Security Ruling 96-6P explains that, although the ALJ is not bound by the medical opinion, "longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight."  1996 WL 374180, at *3.  Social Security Ruling 96-6P further provides that the requirement can be satisfied by the "signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form)."  *Id.*

5

Here, the record contains two copies of a Disability Determination and Transmittal form, neither of which is signed by a physician. *See* R. at 46-47; *cf. Castaneda v. Astrue*, 344 F. App'x 396, 398 (9th Cir. 2009) (noting that the ALJ complied with SSR 96-6P, in part, because state's non-examining medical expert signed the required SSA-831-U5 forms). The record does not contain any other physician's opinion on the issue of equivalence. The lack of a required medical opinion on this issue is not rendered harmless by the ALJ's findings at step four and five. *Cf. Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (insufficiently detailed step three finding may be harmless error where ALJ makes detailed findings at other steps that confirm rejection of the listings). Disability examiner Carlos Clarke completed a Physical Residual Functional Capacity Assessment and made findings as to plaintiff's functional abilities, *see* R. at 229-36, but Mr. Clarke is not a physician. *See* R. at 21 (stating that Mr. Clarke is not "an acceptable medical source"). The ALJ made his step three finding without any opinion from a medical source on the issue of equivalence. Although the Commissioner is correct that the burden is on plaintiff to demonstrate her impairment meets or equals a listing at step three, SSR 96-6P requires the ALJ to develop the record by receiving a medical opinion on the issue. The Court will reverse and remand for the ALJ to correct this error. Because the Court is remanding on this issue, it will not address plaintiff's other objections to the ALJ's decision. *Cf. Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the November 13, 2009 decision of the Commissioner that plaintiff was not disabled is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED June 29, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge