IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02025-PAB

DORA CARBAJAL,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER

This matter is before the Court on the Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 24] filed by plaintiff Dora Carbajal. Plaintiff's motion indicates that defendant takes no position on this request.

On August 23, 2010, plaintiff filed a Complaint [Docket No. 3] seeking review of the final decision of defendant Carolyn W. Colvin[1] in her official capacity as the Commissioner of Social Security (the "Commissioner") denying plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33. On June 29, 2011, the Court remanded the Commissioner's denial of benefits for additional proceedings. Docket No. 20. Based on the remand proceedings, plaintiff was awarded past-due benefits from the Social Security Administration in the

---

[1]The caption reflects the current acting Commissioner of the Social Security Administration.

amount of $66,096.00. Docket No. 24-1 at 4. The notice of award from the Social Security Administration withheld $16,524.00 from plaintiff's benefits in anticipation of this fee request. *Id*. at 4. Plaintiff received notice of this award on August 29, 2012 and filed the motion for attorney's fees on September 24, 2012. Docket No. 24. Thus, the motion is timely under Rule 60(b) of the Federal Rules of Civil Procedure. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) ("[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits").

In the present motion, plaintiff requests that, pursuant to 42 U.S.C. § 406(b), the Court grant her attorney, Ann J. Atkinson, $16,524.00 in attorney's fees in connection with this case. Docket No. 24 at 5. Plaintiff states that she entered into a contingent fee agreement with Ms. Atkinson wherein she agreed to pay Ms. Atkinson 25% of any past-due disability award granted upon the successful outcome of this action. Docket No. 24-4 at 1, ¶¶ 1-2; Docket No. 24-3. Plaintiff informs the Court that, if Ms. Atkinson is granted an attorney's fees award of 25% of past-due benefits, then Ms. Atkinson will reimburse plaintiff the $3,874.95 awarded Ms. Atkinson under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Docket No. 24 at 5, ¶ 11; Docket No. 23.

Section 406(b) of Title 42 of the United States Code provides, in pertinent part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

Despite a contingent-fee agreement, courts must review the reasonableness of the fees yielded by the agreement to ensure that the attorney's recovery is based on the character of the representation and the results achieved. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Moreover, if claimant's counsel is awarded fees under both the EAJA and 42 U.S.C. § 406(b)(1), counsel must refund the smaller award to the claimant. *See id.* at 796.

Ms. Atkinson's affidavit states that she spent 21.5 hours representing plaintiff in this case. Docket No. 24-2 at 2, ¶ 3. Ms. Atkinson also represented plaintiff in Social Security administrative proceedings for an estimated 10 additional hours and anticipates spending additional time assisting plaintiff with additional proceedings required to effectuate payment of her benefits. Docket No. 24 at 2-3, ¶ 6. Ms. Atkinson undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff. In addition, Ms. Atkinson has over 26 years of experience representing claimants in Social Security disability cases, from which she has gained skills that enable her to decrease the number of hours necessary to prosecute a particular case. Morever, given that Ms. Atkinson will refund the lesser of the $3,874.95 EAJA award or any award pursuant to this motion, and that Ms. Atkinson does not indicate that she is pursuing additional attorney's fees for administrative work under 42 U.S.C. § 406(a), the net fee paid by plaintiff to Ms. Atkinson will be the agreed amount of 25% of past-due benefits. Thus, the Court concludes that an attorney's fee of $16,524.00 is reasonable.

Wherefore, it is

**ORDERED** that plaintiff's Unopposed Motion for Attorney's Fees under 42

U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 24] is **GRANTED**.  It is further

**ORDERED** that plaintiff's counsel is awarded attorney's fees in the amount of $16,524.00.

DATED April 22, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge